Crane, J.
This is an appeal from a summary judgment granted to the plaintiff on its claims and against the defendants on their counterclaims in a summary process action following a mortgage foreclosure sale.
The defendants assert the following grounds for appeal: 1) that the trial court’s judgment is interlocutory and should be remanded because the summary judgment did not decide the claims against defendant Marco Sosa (“Sosa”)[2] and the trial court did not enter separate and final judgment against the LaPorta defendants; 2) that Wells Fargo Home Mortgage was not the lender or current holder of the mortgage, or an authorized agent of either, when it delivered notice of default, acceleration, and rights to cure to defendant Robert LaPorta and his brother Vincent LaPorta; 3) that the affidavits that the plaintiff submitted are insufficient to establish a prima facie case for possession; and 4) that the defendants’ counterclaims should not have been dismissed because they were not tenants.
1. Facts. Defendant Robert LaPorta and his brother Vincent LaPorta owned the property at 924 a/k/a 926-928 Winthrop Avenue in Revere, Massachusetts (‘Winthrop Avenue”). On June 1,2007, Robert and Vincent LaPorta gave a mortgage to Mortgage Electronic Registration Systems (“MERS”) to secure a loan to them in the amount of $125,000.00. The mortgage recited that the “Lender” is American Brokers Conduit, and that MERS acts as its nominee. On November 18,2008, Wells Fargo Home Mortgage delivered to Robert and Vincent LaPorta notice of default and acceleration of the debt as well as notice of the right to cure the default until February 16, 2009. Wells Fargo Bank, NA. (Wells Fargo”) did not become the holder of the mortgage until March 25,2009 when MERS assigned it to Wells Fargo and recorded the assignment at Suffolk County registry of deeds.
On September 2, 2010, Wells Fargo purportedly conducted a public auction as described in an affidavit of sale following notice and publication of the date, time, and *65 location of the foreclosure sale. At the auction, Wells Fargo purchased the property for $170,929.04. Immediately thereafter, on September 3,2010, Wells Fargo assigned its rights to its bid for Winthrop Avenue to the plaintiff, Federal Home Loan Mortgage Corporation (“plaintiff). The plaintiff then recorded a foreclosure deed and affidavit of sale on September 21,2010, at the Suffolk County registry of deeds.
On June 11,2012, the plaintiff commenced this action in the Chelsea Division of the District Court Department to obtain possession of Wmthrop Avenue and damages for use and occupancy. The original defendants were Annette LaPorta, Robert LaPorta, and their minor child, Desiree LaPorta. These defendants filed timely answers denying the claims and asserted counterclaims for wrongful foreclosure and for discrimination based upon economic handicap for failure to offer the defendants an opportunity to occupy Winthrop Avenue as tenants. The plaintiff denied these counterclaims. The plaintiff amended its complaint by leave of court to add defendant Sosa and asserted identical claims against him as those against the LaPorta defendants. On February 26,2013, Sosa filed an identical answer and counterclaim that was met with the same denial by the plaintiff.
Winthrop Avenue has two residential units, one of which the LaPorta defendants occupy along with Sosa. None of the defendants ever occupied Wmthrop Avenue as tenants of the plaintiff or any other holder of the mortgage.
On May 29,2013, the motion judge allowed the plaintiffs motion for summary judgment on the claims for possession only and on the counterclaims for the reasons set forth in his memorandum of decision following cross motions for summary judgment. Before the court entered summary judgment, the plaintiff dropped its claims against Desiree LaPorta because she was a minor living with her parents. In his ruling on the cross motions for summary judgment, the motion judge did not rule on the claims against Sosa or his counterclaims, notwithstanding that the parties’ written submissions presented identical arguments for and against defendants Annette and Robert LaPorta and defendant Sosa on both issues. On June 10,2013, the trial court entered judgment against Robert LaPorta and Annette LaPorta on the claims against them and dismissing their counterclaims. It did not issue any judgment on the claims against Sosa or his counterclaims, and it did not order separate judgment against the LaPorta defendants on the claims against them or their counterclaims. Instead, the defendants appealed without obtaining a separate judgment after the motion judge denied their motion to alter or amend judgment.
2. Premature appeal. The defendants argue that their own appeal is interlocutory and premature and should be dismissed. The plaintiff asserts that the judgment is final as to all parties and claims, including Sosa. Alternatively, the plaintiff asserts that we should not dismiss this appeal where 1) it is clear as a practical matter that the motion judge intended a final disposition and the entry of judgment was only a technical matter; 2) the parties have fully briefed and argued the merits of the trial court’s rulings; and 3) the issue presented is one of general importance.
The appeal was premature because the motion judge’s order did not address the claims against Sosa or his counterclaims. Herbert A Sullivan, Inc. v. Utica Mut. Ins. Co., 439 Mass. 387, 401 (2003). The plaintiff did not seek a separate judgment under Mass. R. Civ. P., Rule 54(b). However, under the circumstances, we do not violate the principle of avoiding piecemeal appellate review by deciding this appeal. Atkinson’s Inc. v. Alcoholic Beverages Control Comm’n, 15 Mass. App. Ct. 325, 327 (1983).
*66 Specifically, the same counsel for the LaPorta defendants and defendant Sosa joined in identical arguments opposing the plaintiffs motion for summary judgment on the claims and counterclaims and sought summary judgment in all of their favor against the plaintiff. Sosa is a member of the same household as the LaPorta defendants and does not claim to be a tenant of the plaintiff. The motion judge made what appeared to be a final disposition of all matters except for what appears to be an understandable oversight by not including Sosa, who was added as a parly not long before the hearing on these motions. The parties have thoroughly briefed and argued the merits of the trial judge’s rulings. The consequences of a party other than the current holder of a note and mortgage giving notice of default and acceleration of a foreclosure under statutory power of sale is of general importance. Consequently, we will decide the appeal and not dismiss it. Nieves v. Marraquin, 2009 Mass. App. Div. 291, 293; Cusick v. Carver, 2005 Mass. App. Div. 45, 47; Massey v. Stop & Shop Cos., 1998 Mass. App. Div. 117, 118.
3. Notice of default and acceleration. Paragraph 22 of defendants’ mortgage states:
22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower’s breach of any covenant or agreement in this Security Instrument.... The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.
Paragraph 22 goes on to state, “If the default is not cured on or before the date specified in the notice, Lender at its option ... may invoke the STATUTORY POWER OF SALE....”
The plaintiff seeks to obtain the same treatment for a failure to comply with the provisions of paragraph 22 of the mortgage as the Supreme Judicial Court gave to a defect in the notice to cure granted by G.L.c. 244, §35A. See U.S. Bank Nat’l Ass’n v. Schumacher, 467 Mass. 421, 431 (2014) (Schumacher). Because Schumacher held that G.L.c. 183, §21 requires a mortgagee to comply with only those statutes “relating to the foreclosure of mortgages by the exercise of a power of sale” in order to exercise its statutory power of sale, the plaintiff believes that G.L.c. 183, §21 likewise requires a mortgagee to comply with only those terms of the mortgage “relating to the foreclosure of mortgage by the exercise of a power of sale” in order to exercise its statutory power of sale. The defendants argue that the plaintiffs reading of G.L.c. 183, §21 goes against the statute’s plain meaning and that the notice requirement contained in paragraph 22 must be strictly complied with because it is a condition precedent to the exercise of the power of sale arising from the mortgage.
Although Schumacher excuses strict compliance for notice of the mortgagor’s right to cure under G.Lc. 244, §35A, Schumacher did not change the entirely separate requirement under G.L.c. 183, §21 that a mortgagee may invoke the statutory power of sale only by “first complying with the terms of the mortgage.” The Court has read the statutory and mortgage term requirements of G.L.c. 183, §21 separately: “[T]he mortgagee first must comply 'with the terms of the mortgage and with the statutes *67 relating to the foreclosure of mortgages by the exercise of a power of sale”’ (emphasis in original). Schumacher, supra at 430, quoting G.L.c. 183, §21. See Eaton v. Federal Nat'l Mtge. Ass’n, 462 Mass. 569, 580-581 (2012) (reading “relating to the foreclosure of mortgages by the exercise of a power of sale” as modifying “statutes” only). Therefore, if the mortgagee fails to comply with a term of the mortgage, it may not invoke the statutory power of sale. See Schumacher, supra at 428; U.S. Bank Nat'l Ass’n v. Ibanez, 458 Mass. 637, 655 (2011) (Cordy, J., concurring) (observing that before commencing statutory power of sale, “the holder of an assigned mortgage needs to take care to ensure that his legal paperwork is in order”).
When Wells Fargo Home Mortgage sent the November 18,2008 notice to Robert LaPorta, it was neither the lender nor an authorized agent of the lender. The record does not include any subsequent notice of default, acceleration, or right to cure sent by Wells Fargo once it became the holder of the mortgage on March 25, 2009. Following the terms of paragraph 22, the lender, the lender’s successors and assigns, or its authorized agent must send notice of the default, the action required to cure the default, a date by which to cure the default, and that failure to cure the default may lead to acceleration, before exercising the statutory power of sale.
The Appeals Court in Haskins v. Deutsche Bank Nat'l Trust Co., 86 Mass. App. Ct. 632 (2014) did interpret the term “mortgagee” in G.L.c. 244, §35A broadly to include not only the mortgagee, but also the mortgage servicer. Id. at 640-641. However, the mortgage servicer in Haskins still acted under the authority of the mortgage holder. See id. at 640. Even if the term “Lender” in paragraph 22 is interpreted broadly, it cannot include a third party who bears no relationship to the mortgage or the mortgage holder and who acts with no authorization from the mortgage holder.[3]
The notice sent by Wells Fargo Home Mortgage on November 18,2008 was sent when Wells Fargo held no interest in the mortgage and acted with no authorization from the mortgagee. Therefore, the November 18, 2008 notice was not sent by the “Lender,” as paragraph 22 of defendants’ mortgage requires. Because the record reveals no other notice of default, acceleration, or right to cure sent by the “Lender” of the mortgage, the mortgagee failed to comply with the “terms of the mortgage,” as required by G.L.c. 183, §21, and therefore could not exercise the statutory power of sale.
For these reasons, we reverse the trial court’s decision granting summary judgment on the plaintiffs claims and direct that summary judgment be entered on behalf of all defendants on the plaintiffs claims instead, where all defendants also presented cross motions for summary judgment.
4. Adequacy of affidavits of sale. Where we have decided that the defendants are entitled to summary judgment because the notice of default and acceleration was deficient to permit the foreclosure sale to be conducted, we need not examine and rule on whether the affidavits that describe the conduct of the foreclosure are sufficient.
*68 5. Counterclaims. The trial court dismissed the counterclaims because the defendants were not tenants. After the trial court’s decision, the Supreme Judicial Court decided Bank of Am., N.A. v. Rosa, 466 Mass. 613 (2013). That decision permits former homeowners-mortgagors who hold over after a foreclosure without establishing a tenancy to pursue counterclaims in a summary process proceeding. Id. at 624. The reasons set forth in the trial court’s decision require reversal of the judgment on the counterclaims.
The trial court’s ruling for the plaintiff on its claims is reversed, and summary judgment shall be entered for the defendants on those claims. The trial court’s ruling for the plaintiff on the defendants’ counterclaims is reversed and returned for further proceedings.

 Defendant Marco Sosa is the adult son of one of the LaPorta defendants. He may have occupied or lived at some part of Winthrop Avenue as part of the LaPorta household.

 Unlike the term mortgagee in Haskins, “Lender” as used in paragraph 22 may not be an ambiguous term. The “Definitions” section of the LaPorta mortgage specifically provides that the term “Lender” refers to American Brokers Conduit. See Haskins, supra at 638 (“Section 35A contains no definition of the term ‘mortgagee.’”). The borrower conveys power of sale only to lender and lender’s successors and assigns.